The opinion of the Court was afterwards delivered by
Parsons, C. J.
The Sessions, on the application of Nathaniel Bryant and others, ordered a highway to be altered, and issued a warrant to a committee of freeholders to make the alteration, who in their return located the way as altered, and assessed the damages sustained by Ezekiel Averell by the alteration at 160 dollars. But it nowhere appears in what town the altered way was situated, or over whose land it was located. The Sessions, however, accepted the return, and confirmed the alteration. And afterwards, on the petition of Averell, alleging that all the alterations were made in New Milford, and that the way altered passed * over [ * 447 ] his land, and praying that New Milford may be ordered to pay him the damages assessed, the Sessions made an order that the same damages should be pail him by that town before the then next term, or the same should be levied by a warrant of distress. On the motion of New Milford, the proceedings on this petition of Averell have been brought before us.
Upon considering the act on which all these proceedings are founded, [stat. 1786, c. 66,] it is manifest that the order of the Sessions, that the damages assessed should be paid, is a mere consequence of the judgment of that court in confirming the alterations in the way, and cannot be brought before us as an independent record of that court. It is, in fact, in the nature of an execution of a judgment, and we must have the whole record before us, to enable us to do justice between the parties. It would be extremely unreasonable to quash the order of Sessions directing the payment of the damages to Averell, and, at the same time, have his land encumbered by the alteration. If the alteration has been illegally made, let those proceedings be also brought before the Court; and if they are quashed, the order for the payment of the damages will of course be *392 quashed, because the foundation for the assessment of the damages will have-failed. The objection to the passing the order for payment, is founded on the illegality of mailing the alteration in the way, and to consider that illegality as a reason for quashing the order of payment, without quashing the whole proceedings, will be in this case that partial justice which is, in fact, injustice.
Lee for the commonwealth.
If the certiorari had directed all the proceedings to be certified, and the certificate had been defective, diminution might have been alleged, and a new certiorari have been issued. In this case, the motion by the respondents was confined to the proceedings and judgment on Averell’s petition for an order of payment. The certiorari is conformable to the'motion; and all the proceedings were certified, which the writ directed. There is, therefore, no diminution ; and the certiorari issued improvidently, and must be quashed.
If New Milford is entitled to relief, let them move [ * 448 ] * for a certiorari to bring before the court all the proceedings in the case, so that, upon a view of the whole record, complete justice may be done to the parties.

Writ of certiorari quashed